UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN TRITAK and JUDITH TRITAK,

               Plaintiffs,

v.                              Case No.  3:08-cv-14-J-33JRK

METROPOLITAN  CASUALTY  INSURANCE
COMPANY,
               Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue for Forum-Non-Conveniens (Doc. # 3), which was filed on January 7, 2008.  Plaintiffs filed a Memorandum in Opposition to Defendant's motion on January 22, 2008. (Doc. # 5). Upon due consideration and for the reasons that follow, Defendant's motion is due to be denied.

**I.**   **Background**

Plaintiffs initiated this action on November 14, 2007, when they filed suit against Defendant in the Circuit Court for Duval County, Florida, Case Number 16-2007-CA-0006025. (Doc. # 2). Plaintiffs' two-count complaint arises from a two-vehicle, rear-end collision that occurred in the state of Massachusetts on December 17, 2004. (Doc. # 2 at ¶ 8).  Plaintiffs allege that their vehicle was struck by an under-insured motorist, and Plaintiff John Tritak sustained injuries as a direct and proximate cause of the accident. (Doc. # 2 at 10).  Plaintiffs further allege that, at the time of

the accident, Plaintiffs had in full force and effect an automobile insurance policy with Defendant which "provides protection coverage including UM/UIM coverage." (Doc. # 2 at ¶ 7).   Plaintiffs seek from Defendant, their insurer, the benefits of their insurance policy as well as damages and costs. (Doc. # 2 at ¶ 12). Plaintiffs' complaint also seeks damages stemming from loss of consortium, as Plaintiffs are married to one another. (Doc. # 2 at ¶ 13-15).

According to Defendant's motion to dismiss, Defendant was served with Plaintiffs' above-referenced complaint on December 6, 2007. (Doc. # 3 at 1).   On January 7, 2008, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.   Defendant now seeks to dismiss this action on the basis of improper venue under the provisions of Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1391.   In the alternative, Defendant requests that this Court employ the common law doctrine of forum non conveniens or the statutory mechanisms of 28 U.S.C. §§ 1404 and 1406 to transfer this case to another district.   This Court denies Defendant's motion for the reasons that follow.

## II.   <u>Venue</u>

Challenges to the propriety of a plaintiff's chosen forum are properly voiced via a motion to dismiss under Rule (12)(b)(3).

Although Rule 12(b)(3) provides the vehicle for challenging venue when venue is improper, the substantive standard for determining the propriety of venue generally appears in 28 U.S.C. § 1391. However, in removed cases, such as the present one, "28 U.S.C. § 1391 *does not apply*[,] [i]nstead, 28 U.S.C. § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district." Hollis v. Fla. State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001)(emphasis added).  The Hollis court further explains, "once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds." Id.

Accordingly, Defendant's arguments concerning the application of 28 U.S.C. § 1391 are wholly meritless.  This Court will now address Defendant's request that this Court transfer this case to another division.

## III. Transfer

The Hollis opinion makes clear that the general venue provisions of 28 U.S.C. § 1391 do not apply in removed actions and further clarifies that "state-law venue deficiencies cannot be the basis for dismissal of a removed action." 259 F.3d at 1296. However, as stated by the Hollis court, "[a] defendant dissatisfied with venue after removal may . . . seek transfer to another division or district under federal law." Hollis, 259 F.3d at 1296. The court further explains that a defendant who "believes that the

-3-

case can be better litigated and tried in another division or district. . . . can seek transfer under § 1404(a). . . . [or] § 1406(a). Id. at 1300.[1]

28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The United States Supreme Court has commented on Section 1404(a), noting, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

28 U.S.C. § 1406(a), on the other hand, states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

---

[1] Defendant's mention of the doctrine of forum non conveniens in its motion is unavailing.  The United States Supreme Court has recently recognized that the common-law doctrine of forum non conveniens has been supplanted by the statutory provisions of 28 U.S.C. §§ 1404 and 1406, with rare exceptions. See Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 127 S. Ct. 1184, 1190 (2007) ("The common-law doctrine of forum non conveniens has continuing application in federal courts only in cases where the alternative forum is abroad and perhaps in rare instances where a state or territorial court serves litigational conveniences best.  For the federal-court system, Congress codified the doctrine and provides for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.") (internal citations omitted).

interest of justice, transfer such case to any district or division in which it could have been brought."

The law in this Circuit, however, is well settled that Section 1406(a) is inapplicable to properly removed cases. "[A]s a matter of law, Section 1441(a) establishes federal venue in the district where the state action was pending." Hollis, 259 F.3d at 1300; see also Kerobo v. S.W. Clean Fuels Corp., 285 F.3d 531, 535 (6th Cir. 2001)("There is only one federal venue into which a state court action may be removed, and that is the statutorily dictated district court for the district and division embracing the place where the state court action was pending."); Rebellion, Inc. v. Am. Comm. Network, Inc., 07-cv-6314-CJS, 2008 U.S. Dist. LEXIS 2655, at *7-8 (W.D. N.Y. Jan. 18, 2008)("When applying FRCP 12(b)(3) and 28 U.S.C. § 1406(a), the threshold inquiry is for the Court to determine whether the case is indeed in the wrong district, as that phrase is used in the statute.  In cases such as this one, where the matter was removed from state court . . . the removal statute provides that venue is proper in the district court of the United States for the district and division embracing the place where such action is pending.")(internal citations omitted).

Because this action was removed from the Circuit Court for Duval County and is now pending in the Jacksonville Division of the United States District Court for the Middle District of Florida, the Division of the District Court encompassing Duval County, venue

is proper.    Accordingly,  this  case  cannot  be  pending  in  the
"wrong" division or district as required by Section 1406(a) in this
properly  removed  case.     As  such,  this  Court  will  limit  its
consideration of transfer to the provisions of Section 1404(a).

In  determining  the  merits  of  Defendant's  request  that  this
case  be  transferred  to  another  district  pursuant  to  Section
1404(a), this Court must give strong consideration to Plaintiffs'
choice of forum.[2]  Specifically, the Eleventh Circuit has noted,
"The plaintiff's choice of forum should not be disturbed unless it
is  clearly  outweighed  by  other  considerations."  Robinson  v.
Giamarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)(internal
citations omitted).

Several district courts have weighed in on the analysis courts
should  perform  upon  a  motion  to  transfer  pursuant  to  28  U.S.C.
1404(a).     In  Baptist  Hospital,  Inc.  v.  CJ  Critical  Care
Transportation System, Case No. 3:07-cv-104/MCR/EMT, 2007 U.S.
Dist. LEXIS 88529, at *12-13 (N.D. Fla. Nov. 30, 2007), the court
provided the following suggested analysis:

> A  district  court  may  transfer  any  case  to  any  other
> district where the case originally may have been brought.
> To transfer an action under section 1404(a) the following

---

[2] Defendant  fails  to  assert  in  its  motion  the  district  or
division  to  which  it  requests  this  case  be  transferred.     Well
stated by Plaintiff, "Defendant does not even suggest to this Court
what the alternate forum might be, leaving it to guess and presume
that the Defendant would like this case transferred to the United
States District Court for the District of Massachusetts." (Doc. #
5 at 3).

> criteria must be met: (1) the action could have been brought in the transferee court; (2) a transfer serves the interest of justice; and a transfer is in the convenience of the witnesses and parties.  Because federal courts ordinarily accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. . . . The court's consideration of the Section 1404(b) factors may include such criteria as the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency.

Baptist Hosp., Inc., 2007 U.S. Dist. LEXIS 88529 at *12-13.

(Internal citations omitted).

Similarly, in Sterling v. Provident Life and Accident Insurance Co., 519 F. Supp. 2d 1195, 2006 U.S. Dist. LEXIS 96369, at *15-16 (M.D. Fla. June 19, 2007), the court ruled:

> In order to overcome the presumption in favor of plaintiff's choice of forum, the movant must show the balance of the conveniences is strongly in favor of the transfer.  When considering a motion to transfer venue,
the Middle District of Florida has stated that the following seven (7) factors must be considered: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive.  In determining the propriety of transfer, the Court must give considerable weight to the plaintiff's choice of forum. Therefore, only if the [d]efendants show the balance of convenience is strongly in favor of transfer, using the seven (7) factors listed above, will the [p]laintiff's choice of venue be disturbed.

Id. at *15-16 (internal citations omitted).

Defendant's motions contains meager analysis and fails to address the majority of the factors that this Court considers in deciding a motion to transfer pursuant to Section 1404(a). Defendant asserts in a conclusory manner: "An adequate alternative forum exists which possesses jurisdiction over the whole case, including the parties.  All relevant factors of private interest favor the alternative forum, weighing in the balance a strong presumption against disturbing plaintiff's initial forum choice. Factors of public interest tip the balance in favor of trial in the alternate forum.  Plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." (Doc. # 3 at ¶ 8-11).

Plaintiffs correctly asserts that Defendant failed to meet its burden and that this Court should not transfer this case to another district "merely to shift the inconveniences of the parties." (Doc. # 5).  In addition, Plaintiffs filed an affidavit, authored by Plaintiffs' attorney, which identifies several witnesses or sources of information about the case, all located within the Middle District of Florida. (Doc. # 5-2).

Defendant, as movant, bears the burden of persuading this Court that the balance of the conveniences strongly favors transfer to another division or district.  Defendant's skeletal motion, which fails to identify the requested district and division for

transfer, falls well short of this burden.   Thus, Defendant's motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue for Forum-Non-Conveniens (Doc. # 3) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 4th day of February, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record